The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Chief Deputy Commissioner Gheen and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Chief Deputy Commissioner as:
 STIPULATIONS
1. The Pre-Trial Agreement, which was entered into and signed by all parties involved prior to the hearing before the Chief Deputy Commissioner, is incorporated herein by reference. Furthermore, the deposition of Leonard T. Nelson, M.D. is a part of the evidentiary record in this matter.
2. The parties stipulated the following exhibits into evidence:
a) Medical records-Raleigh Orthopaedic Clinic;
b) Medical records-Wake Medical Center;
c) Medical records-Concentra Medical Center;
d) First Report of Injury (Sodexho Marriott);
e) Sodexho Marriott Express Link;
f) NCIC Form 19 dated 5/27/99;
g) K-Mart prescription receipts;
h) MRI report dated 6/22/99;
3. On or about December 19, 1997, plaintiff sustained a compensable injury by accident arising out of her employment.
4. Plaintiff alleges that on or about May 18, 1999, she sustained a second injury by accident arising out of her employment.
5. At all times concerning both claims, the parties were subject to and bound by the provisions of the Workers Compensation Act.
6. At all times concerning both claims, the employer-employee relationship existed between defendant-employer Sodexho Marriott and plaintiff.
7. On December 19, 1997, Sodexho Marriott was a self-insured employer with Marriott International, Inc. as the administrator.
8. On May 18, 1999, Sodexho Marriott was insured by Crawford 
Company.
9. At all times concerning both claims, plaintiffs average weekly wage was $564.83.
 ***********
Based upon the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. On December 19, 1997, plaintiff sustained a compensable injury by accident arising out of her employment resulting in a back injury. Consequently, plaintiff experienced lower lumbar and buttock pain that radiated to the posterior portion of her left leg.
2. Plaintiff initiated medical treatment with Dr. Leonard D. Nelson, an expert in orthopaedic surgery, starting on December 29, 1997 and continuing throughout the time period at issue in both workers compensation claims. Dr. Nelson initially treated plaintiffs December 19, 1997 injury conservatively, including treatment by epidural steroid injections. Plaintiffs course of conservative treatment included periods of improvement of symptoms followed by periods of continuing symptoms with varying degrees of pain. An MRI was performed that confirmed a small disc herniation at L4 — L5.
3. When conservative treatment failed to produce long-term improvement, surgery was required on April 6, 1998 during which the offending portion of the extruded disc material was excised leaving the balance of the disc at L4 L5 intact.
4. Following plaintiffs back surgery, she continued to have ongoing problems with back and leg pain and numbness into her leg and toes. The degree of plaintiffs symptoms and pain varied but on January 7, 1999, Dr. Nelson found plaintiff had reached maximum medical improvement and rated her with a ten percent (10%) permanent partial disability to the back.
5. Following maximum medical improvement, plaintiff returned to Dr. Nelson with continuing symptoms and pain. In particular, Dr. Nelson noted that plaintiff was experiencing radicular symptoms and was limping shortly before the second incident on May 18, 1999.
6. In April 1999, plaintiff requested an increase in her permanent partial disability rating. Dr. Nelson agreed to revise the earlier rating of ten percent (10%) to a fifteen percent (15%) permanent partial disability to the back. Furthermore, on April 22, 1999, plaintiff received a lumbar epidural steroid injection in an attempt to manage her pain. However, plaintiff obtained only minor temporary relief from the epidural steroid injection as she continued to suffer from pain in her back and left leg and leg numbness.
7. On May 18, 1999, while working, plaintiff slipped on tomatoes, tried to break her fall and hit her knee on the floor. Plaintiff immediately reported this incident to her supervisor, but at that time plaintiff indicated that she had not sustained any injury.
8. Thereafter, eight days later, plaintiff reported to her supervisor that her back was bothering her and that she wanted to seek additional medical treatment. Consequently, on May 26, 1999, plaintiff was sent to Concentra Medical Center where records reveal that plaintiff complained of low back pain but denied any radicular symptoms. Plaintiffs straight leg raise testing was normal and was approximately equivalent to the last documented straight leg raise test performed by Dr. Nelson prior to the May 18, 1999 incident.
9. Plaintiff returned to Concentra Medical Center on June 3, 1999 and reported that her back pain "waxed and waned but that she had improved following physical therapy ordered by Concentra Medical Center.
10. However, on June 9, 1999, plaintiff reported an increase in symptoms, including radicular symptoms, which had not been reported previously to the Concentra Medical Center.
11. On June 22, 1999, an MRI was performed which revealed a disc herniation on the left at L4 L5. This disc herniation was larger than the earlier disc herniation, which had been surgically treated after the first accident. Consequently, on August 5, 1999, Dr. Nelson diagnosed plaintiff as having a recurrent disc herniation at L4 — L5. Thereafter, plaintiff underwent a discogram on August 18, 1999, which reproduced plaintiffs back pain but did not reproduce the radiating pain into plaintiffs lower leg.
12. Although after May 18, 1999, plaintiff experienced symptoms, including increased pain in her back, weakness in her left leg, coldness in her left foot and bladder incontinence problems, Dr. Nelson found that these complaints, taken collectively, were not substantially different from plaintiffs complaints prior to May 18, 1999. Dr. Nelson felt that plaintiffs increase in back pain and decrease in leg pain after May 18, 1999 was a result of the recurrent herniation of the plaintiffs L4 L5 disc; however, he could not state to a reasonable degree of medical probability that the recurrent herniation was a result of plaintiffs May 18, 1999 accident. Moreover, the recurrent L4 — L5 disc herniation could have occurred at any time from almost any activity. Finally, Dr. Nelson found that the recurrent disc herniation at L4 L5 was not the cause of the plaintiffs incontinence.
13. Furthermore, Dr. Nelson indicated that plaintiffs injury on December 19, 1997 was "the main contributor to her recurrent herniation and current problems and, importantly, Dr. Nelson believed that plaintiff was experiencing many symptoms of disc herniation prior to the May 18, 1999 incident. Since plaintiff did not report an intense increase in pain immediately at the time of the May 18, 1999 fall, Dr. Nelson did not believe that plaintiffs recurrent disc herniation was a result of the May 18, 1999 incident but rather a result of her original injury by accident. Moreover, Dr. Nelson was unable to determine whether or not there was a substantial change in plaintiffs pain after the May 18, 1999 incident.
14. To correct the recurrent disc herniation, Dr. Nelson recommended surgery, which had not been performed as of the date of the hearing before the Chief Deputy Commissioner in this matter. Accordingly, plaintiff has not reached maximum medical improvement with regard to the recurrent disc herniation.
15. The greater weight of the medical evidence of record fails to establish to any reasonable degree of medical probability that the incident of May 18, 1999 was an independent cause of plaintiffs recurrent disc herniation at L4 L5. The totality of the medical evidence and the testimony of plaintiff, demonstrates that the May 18, 1999 incident more likely than not was merely a temporary aggravation of plaintiffs ongoing symptoms. Accordingly, by the greater weight of the evidence, plaintiffs recurrent L4 — L5 disc herniation was a result of the original December 19, 1997 injury by accident.
 ***********
Based on the foregoing findings of fact, the Full Commission concludes as follows
 CONCLUSIONS OF LAW
1. Plaintiff suffered an injury by accident arising out of and in the course and scope of her employment with defendant-employer on December 19, 1997. Although plaintiff sustained a second injury by accident on May 18, 1999, she did not suffer any compensable consequences. In particular, the greater weight of the medical evidence fails to establish that the recurrent L4-5 disc herniation is causally related to her fall on May 18, 1999. N.C. Gen. Stat. 97-2(6); Click v. Freight Carriers,300 N.C. 164, 265 S.E.2d 389 (1980).
2. Plaintiff is entitled to weekly compensation benefits to be paid by self-insured defendant Sodexho Marriott for any periods plaintiff is unable to earn wages as a result of the recurrent disc herniation and the resulting surgery, including benefits pending further appeal. N.C. Gen. Stat. 97-29; 97-86.1.
3. The greater weight of the medical evidence of record demonstrates that as a result of plaintiffs compensable injury by accident of December 19, 1997, plaintiff continues to suffer from low back pain, leg pain and weakness, and has suffered a recurrent L4-L5 disc herniation. Accordingly, subject to the limitations of N.C. Gen. Stat. 97-25.1, self-insured defendant Sodexho Marriott shall provide all reasonably necessary related medical treatment to plaintiff, which tends to effect a cure, give relief or lessen plaintiffs period of disability, including payments for expenses pending further appeal. N.C. Gen. Stat. 97-25;97-25.1; 97-86.1.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission adopts and affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Plaintiffs claim for workers compensation benefits from defendant-carrier Crawford Company resulting from the May 18, 1999 incident is hereby, and the same shall be, DENIED.
2. Self-insured defendant Sodexho Marriott shall be responsible for all temporary total disability benefits resulting from plaintiffs L4-L5 disc herniation and the recurrent herniation, including payments pending any further appeal. The issue of any additional permanent partial disability is, and the same shall be, hereby RESERVED.
3. Self-insured defendant Sodexho Marriott shall provide all reasonably necessary medical treatment to plaintiff which tends to effect a cure, give relief or lessen plaintiffs period of disability as a result of her December 19, 1997 compensable injury by accident, including, but not limited to, the recurrent disc herniation at L4 — L5, including payments pending any further appeal, subject to the limitations of N.C. Gen. Stat. 97-25.1.
4. If self-insured defendant Sodexho Marriot is not ultimately liable for the amounts paid pursuant to this Opinion and Award, defendant Sodexho Marriot shall be reimbursed by the party ultimately held liable, carrier defendant Crawford Company.
5. An expert witness fee is hereby awarded in the amount of $500.00 for Dr. Nelsons deposition to be paid by self-insured defendant Sodexho Marriott, if not already paid.
6. An award of a reasonable attorneys fee to plaintiffs counsel is hereby ALLOWED in the amount of twenty-five percent of any total or permanent partial disability benefits paid or to be paid to plaintiff and to be deducted from any amounts due plaintiff and paid directly to plaintiffs counsel.
7. Self-insured defendant Sodexho Marriott shall bear the costs due the Commission.
This the ___ day of July 2001.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER